OPINION
Appellant, Patrick J. Walker, appeals from the September 8, 1998 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, adjudicating appellant a delinquent child for committing a felony offense. For the reasons that follow, we affirm the judgment of the trial court.
At approximately 10:00 p.m. on the evening of July 1, 1998, Charles Cameron, age fourteen, was riding his bicycle near his home on South Hague. Three young men that he did not know approached him. One of the boys asked Cameron if he wanted to buy some crack, some weed, or a gun. Cameron said "no," and the same youth then said, "What if I take your bike?" Cameron tried to ride away, but the youth hit him on the head with a 40-oz. beer bottle, and took the bike. The three boys then fled.
Cameron described the youth who hit him and took his bike as wearing black jeans, a Monstars jersey, and having blackish-brown curly hair. Another boy had on a blue jersey and blue shorts, and the third boy was described as "a little short kid."
Cameron ran back to his house, and his father called the police.
Cameron then walked back to where the boys had run looking for his bike and yelling for them to return his bike. A short time later, Cameron saw the youth who had taken his bike on the front porch of a house on the corner of Harris and Olive. Cameron said he wanted his bike back, and the young man said it was his twin brother who had taken it. The young man said he would fight Cameron "one on one." Then the young man took off his shirt, and took something out of his pants and wrapped it in the shirt. Another youth picked up the shirt and flashed a gun. At that point, Cameron withdrew from the area and returned to his house.
Cameron gave a description to the police of the youth who hit him and took his bike. The police found the bicycle outside a basement door and apprehended appellant about a block and a half from the bike. Cameron identified appellant while appellant was sitting in a police cruiser. Cameron also identified appellant in court. Cameron had "no doubt" appellant was both the person who hit him and the person who rode off on his bike.
Cameron prepared a written report of the incident in which he indicated that one youth had hit him and another youth took off on the bike. Cameron testified at trial that he made a mistake when he prepared the written report.
Brenda Baer, a resident at 122 South Warren testified that appellant and his friend Josh had come over to her house that evening around "six, seven, seven-thirty." She stated that appellant and Josh left for a while then came back around 9:30 or 10:00 p.m. Then around 10:20 or 10:30 p.m. they left again to go to the United Dairy Farmers (UDF) for something to drink. They returned about five or ten minutes later. Baer stated that about 10:45 p.m. a group of people came down the street yelling and shouting. She learned later the commotion was about a bicycle being stolen.
Appellant testified that he was on Baer's porch "pretty much all day." About 10:30 p.m. he and Josh went to the UDF for about twenty minutes. Appellant stated that he and Josh got into an argument with Cameron around 10:3O p.m. after they heard a commotion on a side street. Appellant testified that he removed his shirt, and somebody else picked it up. Appellant testified that he then returned to Baer's house, retrieved his snacks, and went to his friend Jessie's house where he watched television and put on a jersey. Then appellant left Jessie's house and while he was walking down Palmetto the police picked him up.
On July 2, 1998, a delinquency complaint of aggravated robbery, a violation of R.C. 2911.01, was filed against appellant in the Franklin County Court of Common Pleas, Juvenile Division. The case was heard by a magistrate and, on September 8, 1998, the magistrate issued a decision finding appellant to be a delinquent minor and recommending that appellant be permanently committed to the custody of the Ohio Department of Youth Services for a minimum period of one year and for a maximum period until his twenty-first birthday.
On September 8, 1998, the juvenile court judge adopted the decision of the magistrate and entered judgment. Counsel for appellant did not file any objections to the magistrate's decision. Appellant filed a motion for leave to file a delayed appeal on December 3, 1998. This court granted the motion and appointed counsel for appellant.
Appellant has raised the following two assignments of error:
First Assignment of Error
 Appellant's conviction was against the manifest weight of the evidence.
Second Assignment of Error
 Trial counsel's failure to preserve Appellant's right to appeal substantially prejudiced Appellant, thereby resulting in a denial of the effective assistance of counsel under the state and federal constitutions.
In his first assignment of error, appellant asserts his conviction was against the manifest weight of the evidence. However, pursuant to Juv.R. 40(E)(3)(b), appellant has waived this issue. Juv.R. 40(E)(3)(b) provides that a party may not assign as error on appeal the trial court's adoption of any finding of fact or conclusion of law contained in the magistrate's decision unless that party has objected to that finding or conclusion under this rule. While Juv.R. 40 (E)(4)(a) also provides that the trial court must undertake an independent examination of the magistrate's decision even if no objections are filed, such analysis is limited to errors of law or other defects on the face of the magistrate's decision.
Therefore, we overrule the first assignment of error.
In his second assignment of error, appellant asserts a claim of ineffective assistance of counsel. If appellant's trial counsel is deemed to have waived appellant's rights due to his failure to file a timely objection, and if counsel failed to raise and preserve issues that would have altered the outcome of the case, then appellant contends his trial counsel's inaction constituted ineffective assistance of counsel.
In order to prevail on his claim of ineffective assistance of counsel, appellant must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." State v.Reynolds (1998), 80 Ohio St.3d 670, 674. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington (1984), 466 U.S. 668, 686. Thus, a two-part test is necessary to examine such claims. First, appellant must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably.State v. Keith (1997), 79 Ohio St.3d 514, 534. Second, appellant must show that but for the counsel's errors, there is a reasonable probability that the results of the trial would be different. Id.
If trial counsel failed to preserve an issue for appeal that would have resulted in a reasonable probability that the results would have been different, appellant may have received ineffective assistance of counsel. The only issue raised by appellate counsel is whether appellant's adjudication was against the manifest weight of the evidence. Therefore, it is appropriate that we review this issue in connection with appellant's ineffective assistance of counsel claim.
In his manifest weight argument, appellant asserts the state relied solely upon the testimony of a single eyewitness. In addition, appellant argues, both appellant and a witness who supplied an alibi contradicted the testimony of the victim. Also, the victim conceded at trial that the report he prepared for the police indicated one person hit him over the head and another individual took the bike.
Even though supported by sufficient evidence, a conviction may be reversed as being against the manifest weight of the evidence.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. In so doing, the court of appeals sits as a "thirteenth juror" and after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost is way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" Id. (quoting State v. Martin [1983],20 Ohio App.3d 172, 175); see, also, Columbus v. Henry (1995),105 Ohio App.3d 545, 547-48. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins, supra, at 387.
Such is not the case here. Weight is not a question of mathematics, but depends on its effect in inducing belief. Id.
As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, see [State v.] DeHass [(1967), 10 Ohio St.2d 230], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." State v.Nivens (May 28, 1996), Franklin App. No. 95APA09-1236, unreported (1996 Opinions 2053, 2058). It was within the province of the trial court to make the credibility decisions in this case. SeeState v. Lakes (1964), 120 Ohio App. 213, 217 ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.")
In this case, the victim gave a detailed description of his assailant at the time of the robbery. He had no doubts that appellant was the person who took his bicycle. The magistrate, who was in the best position to judge the credibility of the witnesses found Cameron's version of the events credible and appellant's version not credible.
Given our disposition of the manifest weight argument, there is no reasonable probability that but for counsel's failure to file objections, the outcome would be different. Appellant cannot meet the second prong of the test for ineffective assistance of counsel. Accordingly, the second assignment of error is not well-taken and is overruled.
Based on the foregoing, appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.